## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISON

JOSEPH FRANCIS SMITH                                                         PLAINTIFF

v.                                              CIVIL ACTION NO. 5:25-CV-P58-JHM

KENTUCKY STATE PENITENTIARY                                   DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Francis Smith initiated this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action but provide Plaintiff the opportunity to amend the complaint.

### I.

Plaintiff sues Kentucky State Penitentiary (KSP) where he is incarcerated as a convicted prisoner. He makes the following allegations in the complaint:

> Upon arrival at KSP (May 8 2024) the security and administrative staff have not showed an unbiased indifference but rather enforce absolute and arbitrary power with their position of authority. Negligence, homosexual sexual exploitations, abuse of authority, and deliberate interference with legal access/proceedings are in the least of the issues. Most recently and before 4/29/25 I've been given ultimatums to strip all clothes off and expose genitals and anus or have medical meeting and deliverance of legal mail refused claiming its policy per UA orders. A PREA investigation has been launched in Nov. 2024. After initial protocol questions, I had reported two additional instances upon [illegible] no further correspondence since initial questioning. The investigation abruptly ended without any form of disclosure to me and I've just been found guilty with due disciplinary for having been accused of making an unsubstantiated claim in 'bad faith' even though the Lieutenant in question had apparently been removed for multiple acts of foul play. In front of everyone on 10/1/24 a correctional officer had served lunch to every inmate on my floor and above floor while leaving my food sitting on cart in front of my cell door until after he receives the two floor trays. Then he serves my food to me which was cruel and unusual punishment. 2/10/25 I was shot just below my left eye with Taser dart while cuffed and shackled in restraints after falling to the ground neutralized two more charges were deployed into my face. On 9/16/24 I was charged with physical action toward employee or non inmate although no

action has been directed or befallen reporting officer. And after 27 of the 30 days of seg time the offense carried had past before an investigator questioned me on said incident I pled guilty. By which I'd been double-jeopardized from a punishment of full time served and a punishment of 30 days good time loss. Non-restorable. I have pending cases: civil and criminal and access to 'discovery' viewing through Classification and Treatment Officer or Unit Administrator are being unduly delayed by both. As well as the Legal Office Officer delaying the ordered case laws for outside reasonable and timeliness, ignoring attempts to speak with him. . . . And there was a [constitutional] violation when confrontation of two witnesses were denied in a contraband hearing. . . .

As relief, Plaintiff seeks damages and transfer to another facility.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendant KSP is a state prison. A state prison is not a person or legal entity capable of being sued under § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003); *Ryan v. Corizon Health Care*, No. 13-525, 2013 U.S. Dist. LEXIS 153886, at *19 (W.D. Mich. Oct. 28, 2013) ("[T]he individual prisons named as Defendants in this action are . . . buildings used by the MDOC to house prisoners. They are not the proper public entity for suit."); *Poole v. Mich. Reformatory*, No. 09-13093, 2009 U.S. Dist. LEXIS 82798, at *3 (E.D. Mich. Sept. 11, 2009) (holding that prison facilities are not "persons" or legal entities subject to suit under § 1983). Thus, the Court will dismiss Plaintiff's claims against KSP for failure to state a claim upon which relief may be granted.

However, the Court will dismiss the action without prejudice and with leave for Plaintiff to file an amended complaint wherein he identifies the specific KSP officers who he alleges violated his constitutional rights, names those individuals as Defendants, sues those Defendants in

their individual capacities, and states specifically how each allegedly violated his constitutional rights. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

### IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action without prejudice and with leave to amend the complaint.

**IT IS ORDERED** that any amended complaint must be filed no later than **July 18, 2025**.

The **Clerk of Court is DIRECTED** to place this case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

Because no claims remain against KSP, the **Clerk of Court is DIRECTED** to **terminate it as a party to this action.**

Date: June 16, 2025

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011