UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JOSEPH FRANCIS SMITH**                                                            **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 5:25-CV-P58-JHM**

**KENTUCKY STATE PENITENTIARY** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph Francis Smith, who is incarcerated as a convicted prisoner at Kentucky State Penitentiary (KSP), originally filed this *pro se* 42 U.S.C. § 1983 civil-rights action against KSP.  By prior Memorandum Opinion and Order, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed the action without prejudice to Plaintiff filing an amended complaint in which he identified and sued the KSP officers who he alleges violated his constitutional rights (DN 6).  Plaintiff has now filed an amended complaint (DN 8), which the Court construes as a motion to reopen the action and amend the complaint.  The Court will conduct an initial review of the amended complaint pursuant to § 1915A to determine if the action should be reopened.

**I.**

In the amended complaint, Plaintiff sues five KSP officials in their individual capacities – Delvin Nielson, Jeremy Moore, Jaksen McDowell, Carla Ludkins, and Lt. Duval.  Plaintiff alleges that Defendant Nielson is the "perpetrator of PREA [Prison Rape Elimination Act] who had on numerous occasions indulged in sexual misconduct, either with harassment or voyeurisms; engaging verbal passes regarding me as a male stripper 'earning my buck' while requiring me to expose my genitals and furthermore bend at the 'waist' then spread buttocks exposing my anus."  Plaintiff continues, "And after the PREA was under way of investigation [he] continued to assert

that he could be around me at any time which he had done on several occasions. The investigation had not yet been concluded."

Plaintiff alleges that Defendant Moore is the KSP PREA Coordinator and that he did not respond to two letters Plaintiff sent to him "containing updated information of continuing misconduct." Plaintiff further states that Defendant Moore "has not ensured any separation between me and staff member. Nor offered advocate services, has not informed me of the conclusions to investigation or even the dates it was concluded . . . ."

Plaintiff alleges that Defendant McDowell shot Plaintiff below the left eye with a taser dart while Plaintiff was handcuffed and shackled.

Plaintiff alleges that Defendants Ludkins and Duvall repeatedly denied him "legal accesses, materials, and use of facilities resources allowed, although aware of three active cases that I have going on. One of which will be the vacating of a 20-year sentence."

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant Nielsen

Based upon Plaintiff's allegations, the Court will allow an Eighth Amendment sexual harassment claim to proceed against Defendant Nielsen in his individual capacity.

#### B. Defendant McDowell

Based upon Plaintiff's allegations, the Court will allow an Eighth Amendment excessive-

force claim to proceed against Defendant McDowell in his individual capacity.

### C. Defendant Moore

The Court finds that the amended complaint fails to state a claim against Defendant Moore, who Plaintiff alleges failed to adequately respond to two PREA reports that Plaintiff filed. First, district courts in the Sixth Circuit, including this one, have consistently concluded that that PREA does not create a private cause of action. *See, e.g.*, *Taylor v. Unknown Battle*, No. 1:22-CV-509, 2022 U.S. Dist. LEXIS 140697 (W.D. Mich. Aug. 8, 2022); *Bensfield v. Murray*, No. 4:21-CV-P104-JHM, 2022 U.S. Dist. LEXIS 29554 (W.D. Ky. Feb. 18, 2022) (collecting cases); *Hodge v. Burkhart*, No. 15-CV-105-GFVT, 2016 U.S. Dist. LEXIS 66411 (E.D. Ky. May 20, 2016).

Moreover, Plaintiff cannot bring a constitutional claim based upon Defendant Moore's failure to investigate or act upon Plaintiff's PREA reports. *See, e.g.*, *Williams v. Guester*, No. 1:22-cv-984, 2023 U.S. Dist. LEXIS 21443, at *24-29 (W.D. Mich. Feb. 8, 2023) (dismissing due process claims based upon prison officials' alleged failure to investigate a PREA complaint); *Bracy v. Tully*, No. 1:22cv827 (RDA/WEF), 2022 U.S. Dist. LEXIS 143051, at *8-9 (E.D. Va. Aug. 10, 2022) (holding "no freestanding constitutional right" to an investigation into a PREA complaint under § 1983) (citation omitted) (collecting cases); *Miles v. Mitchell*, No. 3:18-CV-P116-CRS, 2018 U.S. Dist. LEXIS 193225, at *13 (W.D. Ky. Nov. 13, 2018) (dismissing a PREA failure-to-investigate claim because "an inadequate investigation fails to state a constitutional violation") (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)); *Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, at *10 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017).

Thus, Plaintiff's claims against Defendant Moore will be dismissed for failure to state a claim upon which relief may be granted.

### D. Defendants Ludkins and Duvall

Finally, the Court concludes that Plaintiff has failed to state a claim against Defendants Ludkins and Duvall based upon their alleged refusal to provide him access to legal resources. Although prisoners have a constitutional right of meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996), to state a viable claim for denial of access to the courts, a prisoner must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Lewis*, 518 U.S. at 351. Actual injury requires a showing that a legal claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Plaintiff states that he is involved in three "active cases" but he does not allege that he has suffered any legal injury in those cases due to the actions of Defendant Ludkins or Defendant Duvall. As such, Plaintiff's claims against these Defendants will also be dismissed.

### IV.

For the reasons set forth herein, **IT IS ORDERED** that the motion to reopen and to amend the complaint (DN 8) is **GRANTED** and the Court's Order dismissing this action (DN 7) is

**VACATED**. The **Clerk of Court** is **DIRECTED** to **reinstate this action to the Court's active docket**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Moore, Ludkins, and Duvall are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The **Clerk of Court** is **DIRECTED to terminate these Defendants as parties to this action since no claims remain against them**.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed. In allowing claims to proceed, the Court passes no judgment on their merit or the ultimate outcome of the case.

Date: July 24, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants Nielsen and McDowell
     Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011